| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------X<br>MIGUEL DE FREITAS,<br><br>                Petitioner;<br><br>   v.<br><br>J.T. SMITH, Superintendent of the Shawangunk<br>Correctional Facility<br><br>                Defendant.<br>------------------------------------------------------------------X | For Online Publication Only<br><br><br><br><br><br>**MEMORANDUM AND ORDER**<br>12-CV-5072 (JMA) |

A P P E A R A N C E S:

Miguel De Freitas
Shawangunk Correctional Facility
200 Quick Road
PO Box 700
Wallkill, NY 12589
    *Pro Se Petitioner*

Andrea M. DiGregorio
Nassau County District Attorney
262 Old Country Road
Mineola, NY 11501
    *Attorney for Respondent J.T. Smith, Superintendent of the Shawangunk Correctional Facility*

**AZRACK, District Judge:**

       Miguel De Freitas ("De Freitas"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1992 conviction for various crimes arising out of a jewelry store robbery. Given the vintage of De Freitas' convictions, respondent J.T. Smith ("respondent") contends that De Freitas' petition is untimely. For the reasons discussed below, the Court agrees and dismisses the petition.

       **I.   BACKGROUND**

       The following facts are drawn from the petition and record before the Court. Familiarity

1

with the bases for De Freitas' post-conviction motions and *coram nobis* petitions is assumed.

After a jury trial in May 1992, defendant was convicted of: (1) attempted murder in the first degree; (2) two counts of robbery in the first degree; (3) criminal possession of a weapon in the second degree; (4) criminal possession of a weapon in the third degree; and (5) reckless endangerment in the first degree. After being sentenced in June 1992, De Freitas appealed his convictions. The Second Department of the Appellate Division ("Second Department") affirmed the convictions. On October 12, 1995, the Court of Appeals denied De Freitas' request for leave to appeal his convictions.

On February 26, 1999, De Freitas, proceeding *pro se*, filed a *coram nobis* petition alleging ineffective assistance of appellate counsel. The Second Department denied the petition. Leave to renew that application before the Court of Appeals was denied. On January 2, 2009, De Freitas, through new counsel, renewed his *coram nobis* petition before the Second Department. The Second Department again denied the petition. The Court of Appeals denied De Freitas leave to renew his petition there.

On October 13, 2010, pursuant to Section 440.10 of the New York Criminal Procedure Law, De Freitas moved to vacate his convictions. Later, De Freitas moved to vacate his convictions pursuant to Section 440.30(3)(c) on the ground that the state had not opposed his 440.10 motion.[1] The state opposed both motions. On January 5, 2011, the trial court denied De Freitas' motions. On July 8, 2011, the Second Department denied De Freitas leave to appeal those decisions.

---

[1] Section 440.30(3)(c) provides:

> Upon considering the merits of the motion, the court must grant it without conducting a hearing and vacate the judgment or set aside the sentence, as the case may be, if: . . . (c) The sworn allegations of fact essential to support the motion are either conceded by the people to be true or are conclusively substantiated by unquestionable documentary proof.

2

On December 1, 2011, De Freitas filed a third *coram nobis* petition, which the Second Department denied on May 1, 2012.

On October 1, 2012, De Freitas petitioned this Court for a writ of habeas corpus.

## II.   DISCUSSION

Although more than 15 years have passed since De Freitas' convictions became final, De Freitas nonetheless contends that his petition is timely because he challenges only the denials of his Section 440 motions and his last *coram nobis* petition.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), which became effective April 24, 1996, an application for a writ of habeas corpus is generally subject to a one year statute of limitations.[2]  28 U.S.C. § 2244(d)(1).  As relevant here, the one year statute of limitations "run[s] from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Id.  A conviction becomes final 90 days from the date the Court of Appeals denies leave to appeal.  See Valverde v. Stinson, 224 F.3d 129, 132 (2d Cir. 2000).  Habeas petitions attacking convictions that became final before AEDPA's effective date were due on or before April 24, 1997.  See Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998).

Here, De Freitas' convictions became final on January 10, 1996.  Because his convictions became final before AEDPA's effective date, De Freitas had until April 24, 1997 to petition this

---

[2]  Although the statute of limitations may be equitably tolled in rare circumstances, De Freitas does not assert that any extraordinary circumstance prevented him from filing his petition earlier.

Court for a writ of habeas corpus.

Construing his petition and supplemental letters liberally,[3] De Freitas argues that the denial of his 440.10 motions and his last *coram nobis* petition formed the "factual predicate" of his federal habeas claims under 28 U.S.C. § 2244(d)(1)(D).

Smith v. McGinnis, 208 F.3d 13, 16–17 (2d Cir. 2000), forecloses De Freitas' argument. There, the petitioner, whose conviction became final on July 2, 1991, served the district attorney with a *coram nobis* petition on April 23, 1997, one day before the statute of limitations lapsed. Id. at 15. On November 17, 1997, the state court denied that petition. Id. Nearly three months later, on February 12, 1998, the petitioner sought a writ of habeas corpus in federal district court. Id. The district court dismissed the petition as untimely. Id. The petitioner argued on appeal that the "ineffective assistance of appellate counsel claim presented in his state *coram nobis* and federal habeas corpus petitions did not accrue until the state court denied relief on November 17, 1997." Id. The Second Circuit affirmed, holding that "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." Id. at 16–17 (emphasis added). In reaching that conclusion, the Second Circuit reasoned:

> Not only is this interpretation uniformly followed in other circuits, but it also comports with the goal of the AEDPA to prevent undue delays in federal habeas review. If the one-year period began anew when the state court denied collateral relief, then state prisoners could extend or manipulate the deadline for federal habeas review by filing additional petitions in state court.

Id. at 17.

Although Smith involved a *coram nobis* petition and not a Section 440 motion, state

---

[3] After respondent filed its opposition to De Freitas' petition, De Freitas filed a letter reply. Respondent filed a letter addressing the claims in De Freitas' reply, which, in turn, prompted De Freitas to file another letter. The Court has considered the arguments raised in all of De Freitas' and respondent's filings.

court rulings on Section 440 motions filed after the one year clock has lapsed also do not reset the one year statute of limitations. See Diaz v. Kelly, 515 F.3d 149 (2d Cir. 2008) ("Because his one year statutory filing period had already expired, this subsequent [Section 440 motion] does not toll the federal limitations period."); Benjamin v. Griffin, No. 13–CV–5639, 2013 WL 6480883, at *3 & n.2 (S.D.N.Y. Nov. 27, 2013) ("It is black letter law that a C.P.L. § 440 motion filed after expiration of the AEDPA limitations period does not start the one year limitation period anew.") report and recommendation adopted by 2014 WL 1760031 (S.D.N.Y. Apr. 25, 2014); Williams v. Conway, 596 F. Supp. 2d 770, 774 (W.D.N.Y. 2009) (Siragusa, J., adopting report and recommendation of Bianchini, J.) (finding that petitioner's filing of 440.10 motion 46 days after statute of limitations expired did not restart petitioner's one year AEDPA clock).

Furthermore, the Second Circuit has stated that "a factual predicate [under 28 U.S.C. § 2244(d)(1)(D)] must consist of facts. Conclusions drawn from preexisting facts, even if the conclusions are themselves new, are not factual predicates for a claim."[4] Rivas v. Fischer, 687 F.3d 514, 535 (2d Cir. 2012) (emphasis in original). Consistent with this understanding, courts have rejected the argument that a state court order on a post-conviction motion triggers 28 U.S.C. § 2244(d)(1)(D). See Daniels v. Uchtman, 421 F.3d 490, 492 (7th Cir. 2005) ("Treating the state court decision [on petitioner's motion for post-conviction relief] as the trigger for a renewed one-year period…would significantly undermine the one-year statute of limitations and render the provision tolling the limitation during the pendency of the state claim meaningless."); Ybanez v. Johnson, 204 F.3d 645, 646 (5th Cir. 2000) ("Section 2244(d)(1)(D) provides for equitable tolling when the facts on which a federal habeas claim is based would not have been discovered by a duly diligent petitioner. These facts do not include asserted errors in a state court's

---

[4] None of De Freitas' habeas claims involve facts that were not known or apparent by the conclusion of his direct appeal in 1995. (Pet. 8-17, ECF No. 1.)

disposition of a state habeas application.") (internal citations omitted).

De Freitas' reliance on Johnson v. United States, 544 U.S. 295 (2005) is misplaced. There, the Supreme Court held that vacatur of a state conviction used to enhance a federal sentence was a "fact" that triggered the one year statute of limitations under 28 U.S.C. § 2255(f)(4), which governs habeas petitions for individuals in federal custody. Johnson, 544 U.S. at 308–310. However, Johnson did not hold that *any* state court decision on a post-conviction motion constitutes a "factual predicate" under 28 U.S.C. § 2244(d)(1)(D). See Taylor v. Cuomo, No. 07–CV–2138, 2007 WL 3540351, at *2 (E.D.N.Y. Nov. 14, 2007) (holding that denial of leave to appeal a Section 440 motion did not form the basis for petitioner's federal habeas claims and thus was not a "factual predicate" under 28 U.S.C. § 2244(d)(1)(D)); Pinero v. Greiner, 519 F. Supp. 2d 360, 380–83 (S.D.N.Y. 2007) (Cote, J., adopting report and recommendation of Eaton, J.) (holding that denial of leave to appeal *coram nobis* petition not a "fact" under Johnson and thus did not trigger 28 U.S.C. § 2244(d)(1)(D)); Shuler v. Spitzer, No. 05–CV–0932, 2007 WL 1704644, at *7 n.3 (E.D.N.Y. June 13, 2007) (rejecting argument that Johnson made state court decision on petitioner's renewed motion to vacate conviction "factual predicate" for petitioner's federal habeas claim). Johnson is limited to circumstances where the legal effect of a court decision furnishes the petitioner with the factual proof necessary to seek habeas relief.[5] Here, the state court orders did not alter the facts underlying De Freitas' constitutional claims. Thus, Johnson is inapposite.

De Freitas' efforts to liken his habeas claims to habeas proceedings in which the petitioner has not attacked the judgment of conviction are also unavailing. The very purpose of

---

[5] To the extent that De Freitas argues that he could not have known that the state court decisions on his Section 440 motions and last *coram nobis* petition would result in decisions that were contrary to clearly established law, De Freitas should have raised the challenges in his Section 440.10 motion and his last *coram nobis* petition before the time for seeking habeas relief expired. Had he done so, the one year statute of limitations would have been tolled and his petition would have likely been timely.

6

De Freitas' Section 440 motions and last *coram nobis* petition was to attack the validity of his convictions.

In sum, the state court decisions on De Freitas' Section 440 motions and last *coram nobis* petition did not trigger 28 U.S.C. § 2244(d)(1)(D). Thus, De Freitas was required to file his habeas petition by April 24, 1997. He did not. His petition is untimely.

### III.  CONCLUSION

For the foregoing reasons, De Freitas' petition is dismissed as untimely. The Clerk of Court is directed to enter judgment accordingly and close the case. The Clerk of Court is also directed to send a copy of this Memorandum and Order to De Freitas.

Because the petitioner has failed to make a "substantial showing of the denial of a constitutional right," the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated: May 1, 2015
Central Islip, New York

                                                /s/    JMA
                                                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE